The final matter on for argument this morning is Baker v. Stryker Corporation, No. 18-1188. Good morning, Your Honors. My name is Edward Baker, Pro Se, and Baker v. Stryker. The key issue here is when was the damage identifiable and how this impacts on discovery. I submit the defense has never properly understood the medical case and successfully spread misunderstandings to the lower court, resulting in a wrong decision. A proper discovery process in this case could have rendered clarity. At no time did any surgeon hold the opinion prior to the removal of the defective implant that was defective, nor could they have known. It is physically and scientifically impossible to know, as all of my doctors would testify. One has already created an affidavit to this effect. In defense documents, repeated references made to discovery beginning with the original surgery or when symptoms, when that damage began. But in this complex case, when was that particular pain syndrome manifested and which particular pain syndrome? Which in itself, I submit Judge Amon erroneously oversimplified as singular. There were multiple pain syndromes from dislocated hyoid bone, a dissected and reattached anterior digastric, from impingement of the chin implant, not the ankle implant, which was repeatedly confused in documentation. There were mastoid sutures that were removed and others that were not removed. There was no false mental nerve. There were infrahyoid muscles that were compressed from rotated flaps of the transected platysma. A proper discovery needs to sort these details. Mr. Baker? Yes. It sounds like you've had a very rough time with your jaw, and I'm very sorry to hear that. Yes. Could you say when you first started suffering the pain and choking sensations that you've described? Well, they were early on, but, again, being able to identify the correlation. I'm running low on time. I need to get to some key points. It was immediately after the surgery. But Judge Amon erroneously restated a narrative from Dr. Michael Urontruck, who I submit whose very testimony is of questionable legitimacy, given the HIPAA law, which was an objection I raised to which she observed no apparent consideration. When I saw him in January of 2012, it was to pursue surgical removal of all my implants. And I'm sorry. It was his contention that it was to pursue removal of these implants, which I contested, because it was the game plan that we had agreed upon six months earlier to sever my digastrics, which when I presented that information to him, it was in the context of information from another doctor that it would run the risk of crippling my ability to swallow for the rest of my life. And, you know, he didn't want to, oh, boy, I'm running out of time. Let me make one more key point. I owe the defense an apology in one sense. It's critical that I clarify a particular point that was brought up a number of times in documents, both my own and the defense's, where references made to deposition in the State Supreme Court. I made an error in attributing remarks to Dr. Francis that the defense correctly identified in my testimony to Dr. Rumchick where he identified speculations, which were speculations, because this was from my very first visit with him about an overlap condition. But he had no knowledge whatsoever. It was a baseless speculation about it being a possible defect. He had a personal prejudice against any possibility of overlap being used for these implants. His own personal design utilized no overlap whatsoever, and he had speculated this as a possible problem with no basis whatsoever. And this was wrongly interpreted as prior knowledge, which it wasn't. I go into this in great detail in my appellate brief. Thank you, Mr. Baker. We have your papers, and we've reviewed them carefully. I think unless there's one last thing you'd like to say, we could make your arguments. Okay. I just want to emphasize that within a deposition, the post obviously doesn't direct the conversation. And I was just employing at that time Monday morning quarterbacking to try and emphasize the degree of negligence of the client in that case and trying to present the full history of perspectives from both the good doctors and the bad doctors of the entire case history that was totally ignored by their client. Thank you very much. Thank you for your argument. Mr. Asfendis? May it please the Court, my name is Paul Asfendis. I represent Stryker Corporation, the defendant appellee, and I'll be very brief. We all know that Mr. Baker has suffered and had an unfortunate result from his surgery, and happily I think it has apparently resolved at this point, although he had years of suffering. This, though, is a straightforward application of the statute of limitations in New York, and the rule is and has been for over 35 years that in a medical implant case that does not involve latent exposure to a toxic substance, the statute of limitation accrues on the date of injury itself, and I think based on Mr. Baker's own papers and the complaint, we all know that injury occurred when this allegedly mis-sized, mis-dimensioned implant was placed in his jaw and impinged on the muscle, and that would have happened on the date of surgery in 2006. And this is consistent, of course, with testimony that as the numbness from the surgery wore off, the pain manifested itself more and more, but again, all of this happened in 2006. So the pain lasted seven years. I don't think there's a question in the record that the pain that started in 2006 was the same pain that eventually resolved when the implant was taken out in 2013. It's not operative when Mr. Baker discovered the cause or the diagnosis, and so for negligence and strict liability, it would have run the statute of limitations in 2009 and implied warranties four years from the date of tender, which could not have taken place later than the surgery, and so that would have run in 2010. If there are any questions, I can answer them. Otherwise, that's all I have. Thank you. I think we have the arguments. We'll take the matter under advisement. Thank you both. We have one more case on our calendar today, United States v. Gomez-Rodriguez. That's on submission. So the clerk will please adjourn the court.